108 F.3d 1384
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lennie Todd CAIN, Petitioner-Appellant,
v.
Tana WOOD, Respondent-Appellee.
 No. 96-35052.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1997.*
Decided March 13, 1997.
 
 Before: SNEED, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lennie Todd Cain, a Washington state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition. Cain contends that: (1) his trial counsel was ineffective; (2) his 720-month "exceptional sentence" is unconstitutional; (3) the evidence at trial was insufficient to support several counts of conviction; and (4) the cumulative effect of various errors denied him a fair trial. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo. Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995). We affirm.
 
 A. Ineffective Assistance of Counsel
 
 3
 Cain contends trial counsel was ineffective for failing to prevent the State from amending the information and failing to protect his right to a speedy trial. Because the record shows that counsel argued the points now urged by Cain, Cain's ineffective assistance claim lacks merit. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Accordingly, we affirm the district court's denial of this claim.
 
 
 4
 B. Challenge to Sentence and Sufficiency of the Evidence
 
 
 5
 Cain contends that his 720-month "exceptional sentence" is unconstitutional and the evidence at trial was insufficient to support several counts of conviction. Because Cain never argued these contentions as federal constitutional issues in state court, the district court concluded that the federal claims were unexhausted but now procedurally barred. Even were the claims not barred,[1] we would reject the claims on their merits.
 
 
 6
 Cain's sentence does not violate the Constitution. See Harmelin v. Michigan, 501 U.S. 957 (1991) (mandatory sentence of life without parole constitutional for possession of 650 grams of cocaine); Hutto v. Davis, 454 U.S. 370 (1982) (forty-year sentence and $20,000 fine constitutional for possession with intent to distribute and distribution of marijuana). We are satisfied that the evidence was sufficient to support the verdict. See Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 C. Cumulative Error
 
 7
 Cain contends that cumulative error violated his right to a fair trial. Because Cain never raised this argument to the Washington Supreme Court, the district court concluded that the claim was unexhausted but now procedurally barred. Even were the claim not barred, we would reject it as meritless because Cain has failed to establish any error.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Washington's one-year time bar is subject to a number of exceptions, including claims based on: insufficiency of the evidence when defendant pleaded not guilty; a statute of conviction which is unconstitutional on its face or as applied; a sentence exceeding the court's jurisdiction. See Wash.Rev.Code §§ 10.73.90, 10.73.100. New claims, however, may not be raised in a subsequent petition unless petitioner can establish cause for his failure to raise the claim previously. See Wash.Rev.Code § 10.73.140. Arguably, appellate counsel's failure to challenge Cain's sentence and the sufficiency of the evidence on federal constitutional grounds was so egregious as to constitute ineffective assistance of counsel. In that event, it would appear that Cain could establish cause for his state procedural default. See Coleman v. Thompson, 501 U.S. 722, 752 (1991); cf. State v. Dearbone, 883 P.2d 303, 306 (Wash.1994) (en banc) (attorney's inadvertence alone does not constitute cause); but see Murray v. Carrier, 477 U.S. 478, 489 (1986) (the ineffective assistance claim must first be exhausted in state court before it can serve as cause for the procedural default of any other claim)